Richard G. Grotch, Esq. – SBN 127713
Jonathan C. Harriman, Esq. – SBN 250943
**CODDINGTON, HICKS & DANFORTH**
A Professional Corporation, Lawyers
555 Twin Dolphin Drive, Suite 300
Redwood City, CA  94065-2133
Telephone: (650) 592-5400
Facsimile:   (650) 592-5027

**ATTORNEYS FOR** Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURT DANOVITZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC.,<br><br>　　　　　Defendant. | Case No.  C 15-1949 MEJ<br><br>NOTICE OF MOTION TO (1) DISMISS PLAINTIFF'S COMPLAINT AND/OR (2) REQUIRE PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT OF HIS CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION [FRCP Rule 12(b)(6), Rule 12(e)]<br><br>Date:　　　　July 2, 2015<br>Time:　　　　10:00 a.m.<br>Courtroom:　　B – 15th Floor<br><br>Honorable Maria-Elena James<br>United States Magistrate Judge |

TO PLAINTIFF BURT DANOVITZ AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on July 2, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom B on the 15th floor of the San Francisco Federal Courthouse, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant UNITED AIRLINES, INC. ("United"), will move for an order (a) dismissing plaintiff's complaint filed in the above-captioned cause on April 30, 2015 (Doc. 1) and/or (b) requiring plaintiff to provide a more definite statement of his claims against United.

1    This motion will be made pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of
2  Civil Procedure and on the following grounds:  (1) "Count I," styled as a claim for "strict
3  liability," is premised upon "international law" that plaintiff contends is "applicable," but that he
4  fails to identify; and (2) "Count II," styled as a claim for "negligence" almost certainly would not
5  be legally sustainable if plaintiff had alleged the "international law" that applies, because the
6  common law claim for negligence would be preempted.
7    This motion will be based on this notice of motion, the memorandum of points and
8  authorities that follows, the complaint (Doc. No. 1), the files and records of the Court in this
9  action, and any further material that the Court may receive at or before the time of the hearing.

10 Dated:  May 26, 2015                    CODDINGTON, HICKS & DANFORTH

                                           /s/ *Richard G. Grotch*
                                        By: _____
                                           Richard G. Grotch
                                           Attorneys for Defendant
                                           United Airlines, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS COMPLAINT
AND/OR TO REQUIRE A MORE DEFINITE STATEMENT
OF PLAINTIFF'S CLAIMS AGAINST UNITED**

## I.   INTRODUCTION

In this personal injury action, plaintiff seeks to recover damages for injuries he claims to have sustained when a flight attendant spilled hot tea as she delivered the beverage to his wife in response to her request for it . Complaint, ¶¶ 7-8. The tea was served during the course of a flight from the United States (Los Angeles) to Mexico (Los Cabos). *Id.*, ¶ 3. Coy about his actual, *complete* itinerary, plaintiff says only that this particular "flight was one leg of an itinerary that included a stop in San Francisco."[1] *Id.*

In his complaint, plaintiff adverts to duties imposed on United "under international law" (*id.*, ¶ 6), while also giving a nod to duties imposed "under the common law" (*id.*). He purports to state two "counts" – the first presented under the caption "strict liability," and the second, labeled "negligence." According to the complaint, the "strict liability" claim is founded upon "international law" that he reckons is "applicable" (*id.,* ¶ 13), but never identifies. The second claim is styled as one for negligence (*id.*, ¶¶ 15-16).

In his complaint, plaintiff leaves too much to surmise – both in terms of the facts that animate his lawsuit and therefore the law that ought to govern the case. As such, his complaint should either be dismissed or he should be required to provide a more definite statement of the facts and law that he believes are applicable and support a claim for damages against United.

///

///

---

[1] Similarly evasive is the allegation that "[t]his action concerns injuries that Plaintiff sustained while a passenger on a flight operated by Defendant, that was part of a ticketed itinerary that included a stop at SFO." Complaint, Venue. The law that will govern this case should be determined according to plaintiff's entire itinerary as construed for purposes of Montreal Conv., art. 1(2). See, e.g., *Kruger v. United Air Lines, Inc.*, C 06-04907 MHP, WL 3232443 (N.D. Cal. Nov. 1, 2007). The treaty commonly known as the Montreal Convention – which is the subject of considerable discussion in this memorandum – governs "all international carriage of persons ... performed by aircraft for reward."

## II.	STATEMENT OF THE CASE

Plaintiff alleges that on March 1, 2015, as part of some unspecified itinerary, he was flying from Los Angeles to Los Cabos, aboard a flight operated by United. Complaint, ¶ 3. Seated in an adjacent seat, plaintiff's wife ordered hot tea. *Id.*, ¶ 7. When the flight attendant brought the beverage, she allegedly spilled hot water on plaintiff's leg. *Id.*, ¶ 8. This is alleged to have caused "severe burns over a substantial portion of his right lower leg." *Id.* Plaintiff goes on to allege that the flight attendant exacerbated his injuries by not bringing him ice quickly enough; not providing a first-aid kit; and not arranging for medical treatment upon landing; he contends the flight attendant did these things intentionally. *Id.*, ¶ 9.

Plaintiff avers that he "suffered great pain and discomfort, as well as disfigurement" and "lost the value and expenses of his prepaid vacation in Los Cabos, which he was unable to enjoy due to the pain and discomfort of his burn injuries." *Id.*, ¶ 10. He maintains he "will continue to suffer from their effects for the remainder of his life." *Id.*, ¶ 12.[2]

In a conclusory manner, plaintiff alleges that United "was responsible for the safety of its passengers on the flight under international law and under the common law." *Id.*, ¶ 6. He doesn't say anything about *what* "international law" he reckons is the source of this duty, or what state's common law he conjures is applicable.

"Count I" of plaintiff's complaint is labeled "strict liability." Again, without specifying what law he means to invoke, he alleges that "[u]nder applicable international law, Defendant is strictly liable to Plaintiff for the injuries and losses he sustained on board Defendant's aircraft, and for his future losses and disfigurement." *Id.*, ¶ 14.

"Count II" is styled as a claim for common law negligence. He alleges that United is legally responsible for the conduct of the flight attendant and that the flight attendant was negligent. Her negligence, he maintains, was a proximate cause, or the sole proximate cause, of his injuries, losses and disfigurement. *Id.*, ¶ 16.

///

---

[2]	There are two paragraphs numbered 12 – this is the second of them.

## III. PROCEDURAL POSTURE

Invoking this Court's subject matter jurisdiction based upon diversity of citizenship of the parties,[3] plaintiff filed his complaint on April 30, 2015. ECF Doc. 1. United now timely moves to dismiss plaintiff's complaint or, alternatively, for a more definite statement of the facts and law upon which plaintiff relies in support of his claims against the airline.

## IV. ARGUMENT

### A. Legal Standards Applicable to this Motion

#### 1. Motion to Dismiss

The complaint in this case is factually thin and legally bare. Factually, plaintiff's complete itinerary is obscured and all that is alleged is that there was (1) "one leg of an itinerary that included a stop in San Francisco" and (2) a flight between Los Angeles and Los Cabos. In terms of the law, plaintiff cites unidentified "international law" (complaint, ¶¶ 6, 14) and an unspecified jurisdiction's common law of negligence (*id.*, ¶¶ 6, 15-16).

Dismissal is proper under Rule 12(b)(6) where, as here, the pleadings fail to state a claim upon which relief can be granted. Such a motion tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

Even under the liberal pleading standard of Rule 8(a)(2), which requires a party to make "a short and plain statement of the claim showing that the pleader is entitled to relief," "[a] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 of the Fed. R. Civ. P., "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

///

---

[3] Plaintiff cites 28 U.S.C. § 1332(a)(2) as the basis of federal subject matter jurisdiction. From the facts alleged, however, it would appear this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

3

Although allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party (*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996)), courts are not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); see also *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009).

### 2.  Motion for a More Definite Statement

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.Proc. Rule 12(e).  A Court may grant a motion for more definite statement if the complaint fails to plead sufficient facts to satisfy federal pleading standards outlined in Rules 8 and 9, rendering the complaint subject to dismissal under Rule 12(b)(6).  *Kennedy v. Full Tilt Poker*, No. 09-07964 MMM (AGRx), 2010 U.S. Dist. LEXIS 41434, *9-10 (C.D. Cal. Apr. 26, 2010).

### B.  Plaintiff Fails to State an Actionable Claim for "Strict Liability"

Traditionally, the term "strict liability" refers to the common law tort concept "in product liability cases in which a seller is liable for any and all defective or hazardous products which unduly threaten a consumer's personal safety." *Black's Law Dictionary,* 1275 (5th ed. 1979).  Here, though, plaintiff applies the moniker in an effort to attach legal responsibility on United for injuries allegedly sustained during a flight, under some "applicable international law."

If plaintiff's entire air travel itinerary consisted of a flight from Los Angeles to Los Cabos, as identified in the complaint (at paragraph 3), it would constitute "international carriage" – a flight between the United States and Mexico, two States that are parties to the Montreal Convention of 1999.[4]  Yet the complaint makes clear that flight was merely "one leg of an itinerary that [also] included a stop in San Francisco."  Complaint, Venue, p.2.

---

[4]  Commonly known as the Montreal Convention, the treaty is formally entitled the "Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999," reprinted in S. Treaty Doc. No. 106-45. A list of the parties to the treaty, including the United States and Mexico, can be found at: http://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf.

We surmise that when plaintiff's entire itinerary is revealed, the conclusion will remain essentially the same – plaintiff's injury claims arose in the course of "international carriage" (though perhaps a trip from the United States to the United States with an intermediate stopping point in Mexico).[5]  That would mean the "applicable international law," to which plaintiff now only hints," would be the Montreal Convention.

The Montreal Convention has been described as "a 'self-executing' treaty, which 'creates a private right of action in U.S. courts.'"  *Hornsby v. Lufthansa German Airlines*, 593 F.Supp.2d 1132, 1135 (C.D. Cal. 2009).

And like the Warsaw Convention which preceded it (*El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 160-61, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999)), "the Montreal Convention ... affords the exclusive remedy for any personal injury suffered on board an international flight or during any operations of embarking or disembarking."  Referring to the Montreal Convention, the Ninth Circuit has cleaved to this precept, observing that "[t]he Convention, which governs 'all international carriage of persons, baggage or cargo performed by aircraft for reward,' provides the exclusive remedy for international passengers seeking damages against airline carriers."  *Narayan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014).[6]

Consequently, the Montreal Convention preempts all federal and state law claims that fall within its substantive scope. *Schoenebeck v. Koninklijke Luchtvaart Maatschappij N.V.*, No. CV 13-4992 SI, 2014 WL 1867001 (N.D. Cal. May 8, 2014); see also *Smith v. Am. Airlines, Inc.*, No. C 09-

---

[5]  In the case of round trip travel, the point of origin and the point of destination are the same.  See *Razi v. China Airlines*, CV-03-008169 DDP MCx, 2004 WL 1001083 (C.D. Cal. 2004) (international carriage incident occurred while plaintiff was on a journey beginning and ending in Los Angeles, with stops in Taipei, Hong Kong and Bangkok).

[6]  When interpreting the Montreal Convention, courts have routinely relied upon Warsaw Convention precedent where the equivalent provision in the Montreal Convention is substantively the same.  See, e.g., *Phifer v. Icelandair*, 652 F.3d 1222, 1224 n.1 (9th Cir. 2011).  The preemptive scope of the Montreal Convention and the Warsaw Convention is the same; and cases construing preemption by the Warsaw Convention are equally applicable to deciding preemption questions under the Montreal Convention. See *In re Nigeria Charter Flights Contract Litig.,* 520 F.Supp.2d 447, 453 (E.D.N.Y. 2007); *Bunis v. Israir GSA, Inc.*, 511 F.Supp.2d 319, 321 n.3 (E.D.N.Y. 2007); see also *Paradis v. Ghana Airways Ltd.*, 348 F.Supp.2d 106, 111 (S.D.N.Y. 2004).

2903 WHA, 2009 U.S. Dist. LEXIS 94013, at *7-10, 15 (N.D. Cal. Sept. 22, 2009).

The result is that if plaintiff contends he sustained bodily injuries in the course of international carriage – though he doesn't quite allege that – then he may recover damages from United, if at all, in accordance with the provisions of the Montreal Convention – a source of law nowhere mentioned in his complaint.

To the extent the label "strict liability" is meant to convey any common law connotation, it has no place in this case if it is, indeed, governed by the Montreal Convention.

### C. Plaintiff Fails to State an Actionable Claim for Negligence

Consistent with the previous discussion, if the Montreal Convention applies – as plaintiff's vague references to "applicable international law" seem to suggest he believes to be the case – then necessarily any common law claims, based upon state law, are unsustainable against United. This irrefutable principle is fatal to plaintiff's "Count II," which sounds in common law negligence.

Courts (including judges in this district) have repeatedly held common law negligence claims have no place in litigation involving bodily injuries allegedly sustained in the course of international carriage by air. See *Vanderwall v. United Airlines, Inc.*, No. 14-60256-CIV-BLOOM/Valle, 2015 U.S. Dist. LEXIS 8494, *23 (S.D. Fla. Jan. 26, 2015) ("Because Plaintiff's common law negligence claim in Court II of the Complaint is preempted by the Montreal Convention, it is dismissed with prejudice"); *Schoenebeck, supra,* 2014 WL 1867001, *3 (common law claims, including claim for negligence, held preempted by the Montreal Convention); *Garrisi v. Northwest Airlines, Inc.*, 10-12298, 2010 WL 3702374, *5 (E.D. Mich. Sept. 16, 2010) (where negligence claim for personal injuries falls within the Montreal Convention, the claim is completely preempted); *Kruger v. United Airlines, Inc.,* 481 F.Supp. 2d 1005, 1009 (N.D. Cal. 2007) (holding "state law tort claims, including those sounding in negligence," to be "preempted by the Montreal Convention").

///

///

6

In fact, because it would so clearly be preempted, and legally untenable, in the face of a potentially viable claim under the Montreal Convention, the negligence claim should be dismissed *with prejudice* if it were to be accompanied, in an amended complaint, by a claim asserted under the treaty.[7]

### D.    United's Request for a More Definite Statement

Either in addition, or as an alternative, to an order dismissing plaintiff's complaint, United seeks an order compelling plaintiff to provide a more definite statement of the facts (specifically, his entire itinerary) and of the "international law" that he believes is "applicable."  With plaintiff conceding he has alleged only a portion of his itinerary, and seemingly contending his entitlement to maintain claims under "international law" and common law, there are essential aspects of plaintiff's case that should be included in the complaint so United can properly proffer a response.  This is precisely the rare situation in which relief under Rule 12(e) is appropriate.

## V.    CONCLUSION

Inexplicably, plaintiff's complaint omits certain factual and legal information that is essential for him to state an actionable claim against United and for United properly to respond to the assertion of those claims.

///
///
///
///
///
///
///
///

---

[7]    Though the court is generally required to grant the plaintiff leave to amend when it grants a motion to dismiss, it need not do so if amendment would be futile. See *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-247 (9th Cir. 1990).  Here, it would be futile for plaintiff to amend his complaint to try and state a common law negligence claim against United if his case is governed exclusively by the Montreal Convention.

For all of the foregoing reasons, plaintiff's common law claims should be dismissed with prejudice and he should be required to provide a more definite statement of his itinerary and the law he believes should apply, consistent with Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure.

Dated:  May 27, 2015                           Respectfully submitted,

CODDINGTON, HICKS & DANFORTH

/s/ *Richard G. Grotch*

By: _____
Richard G. Grotch
Attorneys for Defendant
United Airlines, Inc.